Dear Representative Wilkerson:
This office is in receipt of your request for an opinion regarding repayment of previously received retirement benefits. You indicate Mr. Bobby Richardson withdrew $2,356.59 from the Ruston Police Pension and Relief Fund of the City of Ruston on May 31, 1976. On September 1, 1976 he was reinstated in the Ruston Police Department and joined the Police Employer's Retirement System of the City of Ruston which merged with the Municipal Police Employee's Retirement System. Mr. Richardson wants to repay the benefits received plus interest in order to regain the 6.63 years of service, but he was told he cannot repay this amount to the Municipal Police Employer's Retirement System since it was not withdrawn from them, and the Ruston Relief Fund no longer exists. You seek advice as to how he should proceed.
We recognize that R.S. 11:144 provides that a member of any state, parochial, or municipal retirement system may repay refunded contributions plus interest in order to reestablish such credited service. However, this obviously does not answer the problem you have presented since the prior system to be repaid is no longer viable, although we have not been informed what transpired to cause this result. We have searched the statutory provisions and jurisprudence in an attempt to advise you as to how Mr. Richardson should proceed and find nothing clearly dispositive of the issue although we must conclude any ambiguity should be liberally construed in favor of a retiree.
R.S. 11:3501 is relative to the merger of a police retirement system into the municipal police employees retirement system and requires the municipality to pay the Municipal Police Employees' Retirement System one hundred percent of the accrued liability as determined by the actuary for all members and service credit merged. This office observed in Atty. Gen. Op. No. 82-1054 that the effect of the merging does not make any additional liability to the Municipal Police Employees' Retirement System since the system will receive an amount sufficient to pay all future benefits for the persons receiving a benefit from the merged system. It was observed for retirees, beneficiaries and survivors the Municipal Police Employees' Retirement System will send them their benefit but the benefit is actually paid by the municipality they are retired from because they must pay the full accrued liability for such persons.
It is apparent that the concept that must be kept in mind is that the system must be kept sound. While we have not been advised as to what happened to the Ruston Police Pension and Relief Fund, we must conclude that nothing was paid by the Ruston Police Pension System into any other system for Mr. Richardson since he left the Ruston Police Pension system, did not return, and did not purchase the prior service before the merger by the Police Employer's Retirement System with the Municipal Police Retirement System of which he is now a member.
Therefore, it would seem the only alternative Mr. Richardson would have to regain the years of service under the Ruston Police Pension and Relief Fund for credit in the Municipal Police Employer's Retirement Fund would be to pay into that Fund both the employer's and employee's share with interest. To hold otherwise would conflict with the requirement that the system into which the credit is to be transferred must receive one hundred percent of the accrued liability.
We regret that we cannot be of greater assistance in answer to your inquiry, but hope we have been of some help.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR